**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT CRANBERRY,** | ) | **CASE NO. 1:19 CV 544** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **SH MANAGEMENT, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* Plaintiff Robert Cranberry ("Plaintiff") filed this action against defendants SH Management[1] ("Management") and Nicole Williams[2] ("Williams") (collectively "Defendants"). Also before the Court is Plaintiff's motion to proceed with this action *in forma pauperis* (Docket # 2). That motion is granted.

For the reasons that follow, this case is dismissed.

**I. Background**

According to the Complaint, Plaintiff that is a tenant of the Owl's Nest Apartments, which he alleges is federally subsidized housing within the meaning of 24 C.F.R. § 450.2. (Docket #1 at 3). Attached to the Complaint is (1) a partial copy of Management's Policies, Procedures, and Rules; (2) a "Notice to Quit" dated February 1, 2019 from Williams to Plaintiff

---

[1] The Court notes that the documents attached to the Complaint identifies the management company at issue here as SHP Management Corp. (*See* Docket # 1-1).

[2] Plaintiff sues Williams in her capacity as manager of the Owl's Nest Apartments.

(Docket # 1-2); and (3) photographs (Docket # 1-3).[3]

Plaintiff states that on February 1, 2019, Williams issued a "Notice to Quit" his apartment for maintaining his apartment in an unsafe and unsanitary condition and for using an outdoor grill in the apartment, all in violation of the lease. (Docket # 1-2 at 11). "In accordance with HUD guidelines," the Notice provided Plaintiff with ten days to meet with Williams "to discuss the proposed termination" of his lease on March 4, 2019. (*Id*.).

Plaintiff acknowledges that the lease prohibits unsanitary and unsafe conditions and that he owns an outdoor grill, but claims that he attempted to address the violations and they were "not serious." He claims that Defendants deceived him in order to enter his apartment to inspect, and that he should have received twenty-four hours advance notice. (Docket # 1).

Plaintiff does not set out specific legal claims based upon his factual allegations. In his narrative, however, Plaintiff cites Ohio Rev. Code § 5321.04 which he claims requires twenty-four hours notice before a landlord may enter his apartment and inspect. He also claims that he did not receive a mandatory ten-day notice before he was evicted and had no opportunity to cure, citing *Housing Authority of City of Everett v. Terry*, 789 P.2d 745 (Wash. 1990) and HUD 24 C.F.R. § 450.4(b).

Plaintiff asks this Court to enjoin Defendants from evicting him and others similarly situated,[4] and to dismiss Defendants' "complaint" against him with prejudice.

**II. Discussion**

---

[3] Documents attached to the pleadings become part of the pleadings. Fed. R. Civ. P. 10(c).

[4] To the extent Plaintiff is asserting claims for persons other than himself, those claims are dismissed because a plaintiff may not represent anyone but themselves *pro se*. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (Although 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel," the statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.) (citation omitted).

### A. Standard of Review

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or lacks an arguable basis in law or fact. In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted).

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996)). That said, the courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. Analysis**

Plaintiff claims that Defendants violated 24 C.F.R § 450.4(b) in connection with his notice and proposed eviction from the Owl's Nest Apartments. (*See* Docket # 1 and 1-1). There is, however, no such section under Title 24 – Housing and Urban Development ("HUD"). While the Court is required to liberally construe *pro se* pleadings, it is not required to construct claims on Plaintiff's behalf. Accordingly, Plaintiff's fails to state a plausible federal claim for violation of a HUD regulation upon which relief may be granted, and that claim is dismissed pursuant to § 1915(e)(2).[5]

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Diversity jurisdiction is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Even with the benefit of liberal construction, the Court cannot infer from the face of the Complaint a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. In the absence of any

---

[5]  Because Plaintiff fails to state a plausible claim for relief, he is not entitled to injunctive relief. In determining whether to grant a motion for a preliminary injunction, the Court must consider and balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others [and balancing the harm to the moving party if the injunction is denied against the harm to others if the injunction is granted]; and (4) whether the public interest would be served by issuance of the injunction." *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.*, 110 F.3d 318, 322 (6th Cir. 1997).

basis for original subject matter jurisdiction, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a). The determination of whether to accept or decline supplemental jurisdiction is left to the sound discretion of the Court. *See Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Because all claims forming the basis of the Court's original jurisdiction have been dismissed pursuant to § 1915(e)(2), and balancing the issues of judicial economy, convenience, fairness, and comity, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, those claims are dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Any state law claims that Plaintiff may be asserting are dismissed without prejudice. Plaintiff's motion to proceed *in forma pauperis* (Docket # 2) is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 29, 2019